Slip Op. 18-50

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN GARLIC,<br><br>              Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>              Defendant. | Before: Mark A. Barnett, Judge<br><br>Court No. 18-00005 |

OPINION AND ORDER

[Granting Defendant's motion to dismiss for lack of subject matter jurisdiction and denying Plaintiff's motions for a preliminary injunction and for judgment on the agency record as moot.]

Dated: May 4, 2018

Robert T. Hume, Hume & Associates, LLC, of Taos, NM, argued for Plaintiff Coalition for Fair Trade in Garlic.

Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for Defendant United States. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Emma T. Hunter, Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

      Barnett, Judge:  Pending before the court is Defendant's motion to dismiss this case for lack of subject matter jurisdiction.  See Def.'s Mot. to Dismiss, ECF No. 15.  Also pending are Plaintiff's motions for judgment on the agency record and for a preliminary injunction.  See Mot. of Pl. Coalition for Fair Trade in Garlic for J. on the Agency R. ("Pl.'s MJAR"), ECF No. 10; Mot. for Prelim. Inj. ("Pl.'s Mot. for PI"), ECF No. 19.  Defendant's motion to dismiss and Plaintiff's motion for preliminary injunction are

fully briefed. The court held oral argument on April 26, 2016. *See* Docket Entry, ECF No. 25. For the following reasons, the court grants Defendant's motion to dismiss and denies, as moot, Plaintiff's motions for a preliminary injunction and for judgment on the agency record.

## BACKGROUND

On November 1, 2017, Commerce published a notice informing interested parties that they could request an administrative review of the antidumping duty order covering fresh garlic from China for the November 1, 2016, through October 31, 2017 period of review. *Antidumping of Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 82 Fed. Reg. 50,620 (Dep't Commerce Nov. 1, 2017). In the notice, Commerce set a deadline of November 30, 2017, for such requests. *Id*.

On November 27, 2018, the Coalition for Fair Trade in Garlic ("CFTG") filed a review request, asserting status as a domestic interested party to make such a request, and asking that Commerce review any "exporters of fresh garlic . . . during the period of review." Compl. ¶ 6, ECF No. 5; *id.*, Ex. 3. In its review request, CFTG did not individually name any Chinese exporter of garlic. While CFTG did not expressly state why any particular exporter should be reviewed, it did state that it requested the review "to ensure that [the] Department [of Commerce] determines the proper amount of antidumping duties owed and estimated duties to be deposited for all subject garlic." Compl., Ex. 3. With the exception of Zhengzhou Harmoni Spice Co., Ltd. ("Harmoni") and Harmoni International Spice, Inc., CFTG did not serve any Chinese exporter with its

Court No. 18-00005										Page 3

review request.¹ Compl. ¶ 7; *id.*, Ex. 4.  On November 29, 2017, CFTG restated its request that Commerce review "all Chinese exporters of the subject garlic," but again did not identify any individual exporters, explain why any particular exporter should be reviewed, or, with the exception of Harmoni, serve any exporter of Chinese garlic. Compl., Ex. 4.

On December 12, 2017, Commerce responded to CFTG's review request, stating that the request did "not conform to the requirements of 19 C.F.R. 351.213(b)(1)." Compl., Ex. 5.  Commerce further stated that, pursuant to § 351.213(b)(1), "a domestic interested party . . . may request in writing that the Secretary conduct an administrative review . . . of *specified individual exporters or producers* covered by an order, . . . if the requesting person states why the person desires the Secretary to review those *particular* exporters or producers." *Id*. (quoting 19 C.F.R. § 351.213(b)(1) (emphasis in original)).  Commerce stated that CFTG's review request was "invalid" because it "lack[ed] the requisite specificity." *Id*.

On December 18, 2017, CFTG requested a 10-day extension to supplement again its review request to specify (and serve) individual Chinese garlic exporters and producers for Commerce to review.  Compl., Ex. 6.  In the alternative, CFTG asked that Commerce reinterpret CFTG's review requests to cover Harmoni.  *Id*.  On January 2,

---

¹ In its November 29, 2017 supplement to its review request, CFTG stated that it was sending a copy of its November 27, 2018, review request to Harmoni and Harmoni International Spice, Inc., having previously provided a copy to these companies' counsel.  Compl. ¶ 7; *id.*, Ex. 4.  Subsequently, on December 18, 2017, CFTG asserted that it sent copies of both the November 27, and November 29, 2017 requests to Harmoni and Harmoni International Spice, Inc.  Compl. ¶ 7; *id.*, Ex. 6.

2018, Commerce responded to CFTG's December letter, indicating that, even if the December request was considered a timely request for administrative review, the letter did not meet applicable regulatory requirements. Compl., Ex. 1. CFTG "did not specify individual exporters or producers" and provided no explanation as to "why those *particular* exporters or producers should be reviewed." *Id*. (emphasis in original). Commerce again stated that CFTG's review request was invalid. *Id*.

On January 11, 2018, Commerce published the initiation notice for the 23rd administrative review of the antidumping duty order covering fresh garlic from China, based on the review requests filed by other interested parties. *Initiation of Antidumping and Countervailing Duty Administrative Review*, 83 Fed. Reg. 1,329, 1,332-33 (Dep't Commerce Jan. 11, 2018). Commerce included Harmoni as a respondent in that review. *Id.*; Compl. ¶ 12.

On January 29, 2018, CFTG filed its complaint in this court, seeking to invoke the court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i), and asking the court to hold that CFTG's review request was valid. Compl. ¶¶ 1 and 2. On February 26, 2018, the court ordered the parties to confer and to file with the Clerk a proposed scheduling order by April 12, 2018. Letter from the Court to All Counsel (Feb. 26, 2018), ECF No. 9. The next day, on February 27, 2018, CFTG filed a motion for judgment on the administrative record, pursuant to United States Court of International Trade ("USCIT") Rule 56.1.[2]

---

[2] The court observes that CFTG's motion was premature pursuant to USCIT Rule 56.1(a), providing that a motion for judgment on an agency record in an action other than as described in 28 U.S.C. § 1581(c) may be filed "[a]fter issue is joined." Defendant had not filed an answer to Plaintiff's complaint when CFTG filed its motion.

*See* Pl.'s MJAR.  Pursuant to USCIT Rule 56.1(d), the Defendant's response to CFTG's motion for judgment on the administrative record was due on April 3, 2018.  *See* USCIT Rule 56.1(d).

On March 29, 2018, the Defendant filed a motion to dismiss CFTG's complaint, arguing that the court does not possess subject matter jurisdiction.  *See generally* Def.'s Mot. to Dismiss.  That same day, the Defendant filed a motion to stay other deadlines while the court considered the motion to dismiss, Def.'s Mot. for Stay, ECF No. 16, which motion the court granted, Order (Apr. 4, 2018), ECF No. 18.  On April 3, 2018, CFTG filed its response to the motion to dismiss and, within that response, proposed that Defendant's motion to dismiss (referenced incorrectly as a Motion to Strike) be treated as a responsive pleading such that the court should consider that issue was joined and the court should grant Plaintiff judgment on the pleadings pursuant to USCIT Rule 12(c).  Resp. by Pl. Coalition for Fair Trade in Garlic in Opp'n to Def's Mots. to Dismiss and to Stay Deadlines and in Supp. of Pl's Mot. for J. on the Pleadings at 1, ECF No. 17 at ECF pp. 1-2, and Mem. in Opp'n in Opp'n to Def's Mots. to Dismiss and to Stay Deadlines and in Supp. of Pl's Mot. for J. on the Pleadings ("Pl.'s Resp."), ECF No. 17 at ECF pp. 4-19.

On April 6, 2018, each entity that had previously requested a review of Harmoni withdrew its review request.  *See* Pl.'s Mot. for PI, Exs. 1-3.  As of April 26, 2018, when the court held oral argument on the motions to dismiss and for a preliminary injunction,

Commerce has taken no action on the review request withdrawals. Oral Arg. at 2:15-2:15.[3]

On April 9, 2018, CFTG filed a motion for preliminary injunction, Pl.'s Mot. for PI, and on April 19, 2018, the Defendant filed its response in opposition to the motion for preliminary injunction, Def.'s Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj., ECF No. 22.

### STANDARD OF REVIEW

It is well established that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). When a defendant challenges the Court's jurisdiction, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant evidence, competent to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). When deciding a motion to dismiss based upon a lack of subject-matter jurisdiction, the court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Chemsol, LLC v. United States*, 37 CIT ___, 901 F. Supp. 2d 1362, 1365–66 (2013), *aff'd,* 755 F.3d 1345 (Fed. Cir. 2014).

---

[3] Citations to the oral argument reflect time stamps from the recording.

Court No. 18-00005                                                                                                          Page 7

### DISCUSSION

Pursuant to 28 U.S.C. § 1581(i), the court has jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for-- . . . (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(2). However, § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable [] by the Court of International Trade under section 516A(a) of the Tariff Act of 1930[, as amended, 19 U.S.C. § 1516a(a)] . . . ." 28 U.S.C. § 1581(i).

The legislative history of § 1581(i) demonstrates that Congress intended "that any determination specified in section 516A of the Tariff Act of 1930, [as amended,] or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superceded by any such determination, is reviewable exclusively as provided in section 516A." H.R. Rep. No. 96–1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60. Thus, jurisdiction pursuant to § 1581(i) is available only if the Plaintiff can demonstrate that jurisdiction pursuant to § 1581(a)–(h) is unavailable, or the remedies afforded by those provisions would be manifestly inadequate. See *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate.") (citations omitted); *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1362 (Fed. Cir. 2016).

In its motion to dismiss, Defendant raises three main arguments in support of its position. Defendant argues that relief under § 1581(c) is available to Plaintiff, that such relief would not be manifestly inadequate, and that there is no final agency action for Plaintiff to challenge. Def's Mot. to Dismiss at 7-16.[4] For the reasons discussed below, the court finds that it lacks jurisdiction to entertain Plaintiff's claims at this time.

### A. The Availability of Jurisdiction Pursuant to § 1581(c)

Final determinations by Commerce are reviewable by the court pursuant to 28 U.S.C. § 1581(c) jurisdiction as provided for in 19 U.S.C. § 1516a(a)(2). *See* 28 U.S.C. § 1581(c). Having initiated a review of Harmoni's imports, whether Commerce completes that review as a result of CFTG's request, another party's request, or pursuant to any other authority the agency may possess, or Commerce determines to rescind the review, it would have to publish a final determination to that effect. *See* 19 C.F.R. § 351.213(d)(4). Defendant acknowledges that "[o]nce Commerce issues a final action on the matter," CFTG may seek judicial review of that decision. Def.'s Reply in Supp. of its Mot. to Dismiss and Resp. in Opp'n to Pl.'s Mot. for J. on the Pleadings at 5, ECF No. 23; Oral Arg. at 3:16-4:12.[5] Whether such final determination is in the form of

---

[4] Defendant also argues that Plaintiff has failed to exhaust its administrative remedies, Def.'s Mot. to Dismiss at 16-18, which argument Plaintiff disputes, Pl.'s Resp. at 9-10. Because the court dismisses this case for lack of subject matter jurisdiction, it need not address the parties' arguments on this issue.

[5] At oral argument, counsel for the Defendant acknowledged that if Commerce issues a final notice of rescission of review with respect to Harmoni, that determination would constitute a reviewable determination but acknowledged that there could be some question as to whether 19 U.S.C. § 1516a(a)(2)(B)(iii) is the proper statutory basis. Oral Arg. at 3:16-4:12. Plaintiff's counsel indicated that he did not interpret 19 U.S.C.

a stand-alone final rescission notice or accompanies the final results of review, such notice would constitute a reviewable determination pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) over which the court would have jurisdiction pursuant to 28 U.S.C. § 1581(c). Moreover, Plaintiff does not dispute that §1581(c) would be available, instead focusing its challenge to whether the relief available pursuant to §1581(c) would be manifestly inadequate. *See* Pl.'s Resp. at 3-5.

### B. Jurisdiction Pursuant to §1581(c) Would Not be Manifestly Inadequate

Plaintiffs have not met their burden of establishing that the remedy available pursuant to 28 U.S.C. § 1581(c) would be manifestly inadequate. *Miller & Co.*, 824 F.2d at 963 (when jurisdiction under another provision of 28 U.S.C. § 1581 "is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate."). The mere fact that judicial review may be delayed because a party would be required to wait for Commerce's final determination is insufficient to render judicial review pursuant to § 1581(c) manifestly inadequate. *Gov't of People's Republic of China v. United States*, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007); *see also* Oral Arg. at 7:11-7:24 (Plaintiff's counsel agreeing with the court that mere time delay does not constitute manifest inadequacy of a remedy).

Here, CFTG argues that §1581(c) relief is inadequate because "waiting for a Commerce final decision will allow Commerce to rescind the review for Harmoni and

---

§ 1516a(a)(2)(B)(iii) to cover a final notice of rescission of review by Commerce. *Id.* at 6:12-6:26, 9:55-10:10.

provide Harmoni with years of additional imports at a zero rate pending a Court decision in a case the CFTG may file pursuant to 28 U.S.C. 1581(c)." Pl.'s Resp. at 3.[6] As discussed above, CFTG could challenge a final decision to rescind the review of Harmoni, should such a decision occur, and whether it occurs prior to or in conjunction with the publication of the final results of review with respect to other respondents. Regardless of the timing of the final decision, all forms of relief, including injunctive relief, would be available to CFTG, if warranted. Consequently, while CFTG might have to wait to obtain judicial relief, CFTG has not established that relief pursuant to §1581(c) would be manifestly inadequate.

In its motion to dismiss, Defendant cited numerous cases in support of its argument that relief pursuant to §1581(c) would not be manifestly inadequate. *See* Def.'s Mot. to Dismiss at 9-13 (citing and discussing almost one dozen cases in support of its argument that adequate relief would be available pursuant to §1581(c)). CFTG does not rebut this showing by Defendant and, instead, acknowledges that "Defendant cites a number of cases that Defendant claims are analogous." Pl.'s Resp. at 3. Instead of addressing any of those cases, CFTG singles out one case that Defendant cited for the proposition that relief would be available to CFTG pursuant to §1581(c). *Id.*

---

[6] In its motion for a preliminary injunction, CFTG's claim of irreparable injury addressed its competition with Harmoni in the local Talin Market in Sante Fe, New Mexico. Pl.'s Mot. for PI at 5. Setting aside whether CFTG adequately alleged irreparable harm for purposes of seeking a preliminary injunction, nothing about this statement of competition suggests that any delay in obtaining relief pursuant to §1581(c) would render that relief manifestly inadequate.

at 3-4 (citing *CP Kelco (Shandong) Biological Co. Ltd. v. United States,* 40 CIT ___, 145 F. Supp. 3d 1366, 1372 (2016)).

In discussing *CP Kelco*, Defendant properly considered the case to be analogous to the extent that the court rejected an attempt to challenge a decision not to individually review a company as a voluntary respondent while the review was on-going, finding that the decision could be reviewed at the completion of the review. Def.'s Mot. to Dismiss at 8-9 (citing *CP Kelco*, 145 F. Supp. 3d at 1373-74). CFTG rejects the analogy claiming that "participation by a voluntary respondent … was not time sensitive [and] if Commerce rescinds the review of Harmoni, Plaintiff effectively loses its chance to challenge Commerce's rescission decision." Pl.'s Resp. at 3-4. The delay in obtaining relief is insufficient to make relief pursuant to §1581(c) manifestly inadequate, *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, 38 CIT ___, 986 F. Supp. 2d 1381, 1384 (2014), and CFTG's suggestion that it would otherwise lose it chance to challenge the rescission is legally incorrect. As discussed above, any final decision to rescind the review of Harmoni is a reviewable determination within the meaning of 19 U.S.C. § 1516a(a)(2)(B)(iii) and CFTG would not lose its chance to challenge that determination.

### C. Final Agency Action Has Not Occurred

While Commerce indicated that it was not initiating a review of Harmoni on the basis of CFTG's request, Commerce has, in fact, initiated a review of Harmoni on the basis of review requests from other parties. Compl. ¶ 12; *id.*, Ex 1. Consequently, the

imports of subject garlic from Harmoni remain suspended and subject to the on-going administrative review.

It its motion for a preliminary injunction, CFTG explained that the other parties that requested a review of Harmoni have since withdrawn their requests and that such withdrawals were made within 90 days of the date of publication of the notice of initiation of the review. Pl.'s Mot. for PI at 4; *id.*, Exs 1-3. Consequently, pursuant to 19 C.F.R. § 351.123(d)(1), Commerce may rescind the review of Harmoni; however, it has not yet done so. Thus, even if relief pursuant to § 1581(c) were unavailable or manifestly inadequate, CFTG's action, challenging the decision not to rely on its request as a basis for initiating the administrative review of Harmoni,[7] would be premature because there has been no final agency action; Harmoni remains subject to review

---

[7] While CFTG does not articulate its concern clearly, it also appears to suggest that Commerce erred in not relying on its review request to initiate a review of the so-called non-market economy (NME) entity (the companies within China that fail to rebut the presumption of government control), citing *Transcom, Inc. v. United States*, 294 F.3d 1371 (Fed. Cir. 2002). Pl.'s Resp. at 6. While *Transcom* affirmed Commerce's application of the results of its review to the NME entity, finding that sufficient notice had been provided by Commerce, it did not require Commerce to review the NME entity in each review. In fact, while Commerce initially refined its practice following *Transcom* to state expressly in each initiation notice that it was conditionally initiating a review of the NME entity, Commerce announced in 2013 that it would no longer consider the NME entity as an exporter conditionally subject to administrative reviews. See *Antidumping Proceedings*, 78 Fed. Reg. 65,963 (Dep't Commerce Nov. 4, 2013) (announcement of change in department practice for respondent selection in antidumping duty proceedings and conditional review of the nonmarket economy entity in NME antidumping duty proceedings). Therein, the public was advised that "[i]f interested parties wish to request a review of the entity, such a request must be made in accordance with the Department's regulations." *Id.* at 65,964. Here, CFTG relies on an outdated practice to seek to justify a review request that Commerce found inadequate.

pending any final agency action with respect to the review requests made and withdrawn or otherwise declared invalid.

CFTG contends that Commerce issued a final decision on the validity of its review request and has not requested any further information from CFTG. While CFTG cites *Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1377 (Fed. Cir. 2012) for the proposition that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," Pl.'s Resp. at 6 (citation omitted), CFTG fails to appreciate that the "administrative order" in question in that case was, in fact, a final agency action – a remand determination following court review of the final determination in an antidumping duty investigation. *Changzhou Wujin*, 701 F.3d at 1370-74. In the absence of final agency action here, there is no reviewable determination.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss for lack of jurisdiction. Because the court is dismissing the case for lack of jurisdiction, Plaintiff's motions for a preliminary injunction and for judgment on the agency record

Court No. 18-00005                                                                                                          Page 14

(which plaintiff subsequently proposed could be considered a motion for judgment on the pleadings) are denied as moot.  Judgment will enter accordingly.

                                              /s/     Mark A. Barnett
                                              Mark A. Barnett, Judge

Dated: May 4, 2018
       New York, New York